**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1655**

EMEBET BEFIRDU HAILE,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-093-955)

Submitted: February 22, 2008          Decided: May 5, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Aragaw Mehari, Washington, D.C., for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emebet Befirdu Haile, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's decision denying her asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined procedure, 8 C.F.R. § 1003.1(e)(4) (2007), we review the decision of the immigration judge. Dankam v. Gonzales, 495 F.3d 113, 119 (4th Cir. 2007).

Haile argues that the government of Ethiopia had mixed motives and that part of its motivation in its actions against her was to persecute her for the political opinions that the government imputed to her. However, we need not address that issue, for, in addition to its finding that the government was entitled to criminally prosecute Haile for her actions, the immigration judge found that Haile failed to corroborate her testimony regarding her experiences with the Ethiopian government. "[E]ven for credible testimony, corroboration may be required when it is reasonable to expect such proof and there is no reasonable explanation for its absence." Lin-Jian v. Gonzales, 489 F.3d 182, 191-92 (4th Cir. 2007). See 8 U.S.C.A. §§ 1158(b)(1)(B)(ii), 1252(b)(4) (West 2005) (concerning corroborating evidence).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence

supports the ruling that Haile failed to submit sufficient corroboration to establish her claim of past persecution or a well-founded fear of future persecution, as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Haile cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 ("Because the burden of proof for withholding of removal is higher than for asylum-even though the facts that must be proved are the same-an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

We also find that substantial evidence supports the immigration judge's finding that Haile fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). Upon reviewing the administrative record, we find that the immigration judge applied the proper standard to assess the evidence, and that Haile failed to make the requisite showing before the immigration court.

- 3 -

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED